IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KIMBERLY CARGILL, § | |
|    *Petitioner*, § | |
| § | |
| v. § | Civil Action No. |
| § | 6:17-cv-00562 |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal § | *DEATH PENALTY CASE* |
| Justice, Correctional Institutions § | |
| Division, § | |
|    *Respondent*. § | |

**RESPONDENT'S NOTICE OF INTERVENING AUTHORITY**

This is a federal habeas corpus proceeding initiated by Petitioner Kimberley Cargill, a death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. On February 25, 2022, Cargill filed a Renewed Motion for Evidentiary Hearing, following her previously denied Motion for Evidentiary Hearing. ECF Nos. 69, 65, 58. Respondent Bobby Lumpkin (the Director) filed his Response in Opposition to Cargill's Renewed Motion for Evidentiary Hearing on March 4, 2022. ECF No. 70; *see* ECF No. 63. The Director now files this Notice of Intervening Authority to address the Supreme Court's recent decision in *Shinn v. Martinez Ramirez*, – U.S. –, 142 S. Ct. 1718 (May 23, 2022). In *Martinez Ramirez*, the Court held "that, under [28 U.S.C.] § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance

of state postconviction counsel." *Id.* at 1734. That is because "under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent." *Id.* at 1735. So "a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." *Id.*

As identified in the Director's Response in Opposition to Petitioner's Motion for Evidentiary Hearing, ECF No. 63 at 8, Cargill raised in her initial state habeas application the following claims for which she seeks an evidentiary hearing in this Court: trial counsel failed to adequately investigate and present evidence on sudden, unexpected death in epilepsy (SUDEP) (Claim 1(a) in federal habeas petition); trial counsel failed to adequately investigate and present evidence with respect to the autopsy (Claim 1(b)); and trial counsel were ineffective for failing to investigate and present mitigating evidence with respect to Cargill's mental health during the punishment phase (Claim 2(a)). *See* ECF No. 69 (Renewed Motion for Evidentiary Hearing) at 2 (incorporating ECF No. 42, among other pleadings). Cargill has never argued that these claims fall within § 2254(e)(2)'s "stringent" exceptions; rather, she argues that she does not fall under § 2254(e)(2) because she pursued factual development diligently at the state habeas court. ECF No. 58 at 1–2. Again, Cargill indeed falls under § 2254(e)(2) because she raised Claims 1(a), 1(b), and 2(a) in her initial state habeas application, and she is therefore at fault for not further

2

developing the record on those claims. ECF No. 63 at 7–9; *see* (*Michael*) *Williams v. Taylor,* 529 U.S. 420, 432 (2000) (holding that "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel"); *Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) (mere requests for a hearing in state court do not satisfy § 2254(e)(2)'s opening clause). Further, Cargill's claims do not rely on a "new rule of constitutional law" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." *See* § 2254(e)(2)(A)(i), (ii).

Additionally, Cargill has requested an evidentiary hearing to establish cause and prejudice for her unexhausted and procedurally defaulted claims, Claim 1(d) (trial counsel failed to adequately investigate and present evidence with respect to Cargill's mental health at the time of Ms. Walker's death during the guilt/innocence phase) and Claim 2(b) (trial counsel elicited damaging testimony from their own expert during sentencing). ECF No. 69 at 2 (incorporating ECF No. 58, among other pleadings); ECF No. 58 at 18–20. Cargill does not argue these claims are predicated upon a new rule of constitutional law. *See* § 2254(e)(2)(A)(i). Additionally, her *Martinez*[1] theory necessarily means that the factual bases of her claims were previously

---

[1]   *Martinez v. Ryan*, 566 U.S. 1 (2012).

available. *See* § 2254(e)(2)(A)(ii); Petitioner's Reply with Brief in Support, ECF No. 42, at 36–40; ECF No. 58 at 18–20. Cargill has never alleged "that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted [her] of the crime charged." *Martinez Ramirez*, 142 S. Ct. at 1734 (quoting § 2254(e)(2)(B)). *Martinez Ramirez* squarely forecloses Cargill's request for evidentiary development. *Id*. at 1735.

Because Cargill cannot meet § 2254(e)(2)'s exceptions, this Court "may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*." *Id*. at 1739. And § 2254(e)(2) prevents this Court from considering Cargill's new evidence that was not properly presented to the state court in assessing the merits of her claims. *See Holland v. Jackson*, 542 U.S. 649, 653 (2004). For these reasons, Cargill's renewed request for an evidentiary hearing should be denied.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

    JOSH RENO
    Deputy Attorney General
    for Criminal Justice

|  |  |
|---|---|
|  | EDWARD L. MARSHALL<br>Assistant Attorney General<br>Chief, Criminal Appeals Division |
| *Attorney in Charge | /s/ Cara Hanna<br>CARA HANNA*<br>Assistant Attorney General<br>State Bar No. 24055622<br><br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>Phone | (512) 936-1400<br>Facsimile | (512) 320-8132<br>cara.hanna@oag.texas.gov |

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on June --, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means: S. Kathrin Schwesinger and Daniel Levin, White & Case LLP-Washington, 701 13th Street NW, Washington, DC 20005.

/s/ Cara Hanna
CARA HANNA
Assistant Attorney General