IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KIMBERLY CARGILL, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. 6:17-cv-562-RWS-JBB |
| v. | § § | DEATH PENALTY |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

## ORDER

Before the Court is Petitioner Kimberly Cargill's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket No. 111. Petitioner challenges the conclusions in the Court's Order (Docket No. 109) dismissing her federal habeas petition. She requests that the Court grant her Rule 59(e) motion (Docket No. 111), grant her request for an evidentiary hearing, and subsequently amend and correct the April 2, 2025 Final Judgment (Docket No. 110). In the alternative, Petitioner asks the Court to reconsider its decision to deny a certificate of appealability ("COA"). The Director has filed a response in opposition to the motion. Docket No. 113. Petitioner filed a Reply. Docket No. 115. For the reasons set forth below, the Rule 59(e) motion (Docket No. 111) is **DENIED**.

I.      **Background**

Petitioner was convicted and sentenced to death for the 2010 killing of Cherry Walker in the course of committing or attempting to commit the offense of retaliation in the 241st Judicial District Court of Smith County, Texas, in Cause Number 241-1510-10; *The State of Texas vs. Kimberly Cargill*. The Texas Court of Criminal Appeals ("TCCA") affirmed Petitioner's

conviction and sentence on direct appeal. *Cargill v. State*, No. AP-76,819, 2014 WL 6477109, at *1 (Tex. Crim. App. Nov. 19, 2014).

Petitioner then filed a state application for writ of habeas corpus raising 15 claims for relief. Volume One of State Habeas Clerk's Record ("1 SHCR") at 1–193 (Docket No. 36-4 at 5–197). The state habeas court entered findings of fact and conclusions of law recommending that relief be denied. 5 SHCR at 1084–1156 (Docket No. 36-8 at 170–242). The TCCA issued an order adopting some of the state habeas court's findings and conclusions and denied habeas relief based on the adopted findings and its own review. *Ex parte Cargill*, No. WR-84,320-01, 2017 WL 1496963, at *1–4 (Tex. Crim. App. Apr. 26, 2017) ("*Ex parte Cargill I*"), cert. denied, *Cargill v. Texas*, 583 U.S. 947 (2017).

As for the current action, Petitioner filed her initial and first amended habeas petitions on April 25, 2018. Docket Nos. 14, 15. On July 31, 2018, she filed her operative second amended federal habeas petition. Docket No. 19. The petition has been briefed through Sur-Surreply. Docket Nos. 38, 42, 44, 46. Two months after filing her Sur-Surreply, Petitioner filed a motion to stay and abate her federal habeas proceedings so that she could exhaust Claims 1(d) and 2(b) in state court. Docket No. 48. After briefing, the Court granted Petitioner's motion to stay and abate on January 9, 2020. Docket No. 50.

Petitioner returned to state court to file a second-in-time or successive state habeas application. Docket No. 67-1. The TCCA dismissed the application as an abuse of the writ without considering the merits of the claims. Docket No. 67-5; *see Ex parte Cargill*, No. WR-84,320-02, 2020 WL 3270291, at *1 (Tex. Crim. App. June 17, 2020) ("*Ex parte Cargill II*").

Upon her return from state court, Petitioner filed a renewed motion for evidentiary hearing. Docket No. 69. The Director opposed the motion. Docket No. 70. As explained in the Court's

August 17, 2022 Order staying Petitioner's renewed motion for evidentiary hearing, the Court carried the motion (Docket No. 69) with the briefing on the merits. Docket No. 77 ("Considering the Supreme Court's recent instructions regarding evidentiary hearings in conjunction with 28 U.S.C. § 2254(e)(2), it is necessary that the court weigh Petitioner's *Martinez/Trevino* arguments fully within the context of her briefing.").

The Court referred Petitioner's case to the United States Magistrate Judge for consideration pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a 155-page Report and Recommendation ("the Report") recommending that Petitioner's second amended petition for writ of habeas corpus, her motion for an evidentiary hearing, and a COA be denied. Docket No. 81. Petitioner and the Director filed objections to the Magistrate Judge's Report. Docket Nos. 92, 94. At Petitioner's request, the Court heard oral argument on the parties' objections. Docket No. 105.

In a written order, the Court sustained-in-part and overruled-in-part the parties' objections (Docket Nos. 92, 94). The Court adopted the Report (Docket No. 81) as modified as the opinion of the District Court. Ultimately, the petition (Docket No. 19) was denied, and the Court denied a COA on all issues. *Cargill v. Dir.*, *TDCJ-CID*, No. 6:17-CV-562, 2025 WL 967154 (E.D. Tex. Mar. 31, 2025).

## II.     Standard of Review

Rule 59(e) "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982) (citations omitted). "Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *Id.* at 51. Additionally, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

The United States Court of Appeals for the Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). The Fifth Circuit has specified that the purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See, e.g., Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

**III.     Analysis**

    A.  The Court's interpretation of *Richards v. Quarterman*

Petitioner urges the Court to reassess its interpretation of *Richards v. Quarterman*, 578 F. Supp. 2d 849 (N.D. Tex. 2008), as applied to the facts of her case and the denial of her request for an evidentiary hearing regarding the ineffective assistance of her trial counsel. Docket No. 111 at 7–15. She contends that *Richards* is factually similar to the facts of her case and that she has been denied an opportunity to attack her attorneys' declarations of effective assistance before the state

habeas court. *Id.* As such, the Court should use *Richards* to overcome the state habeas court's findings that her trial counsel provided effective assistance of counsel and permit her an evidentiary hearing to fully show that her trial counsel were constitutionally deficient and failed to conduct a reasonable pre-trial investigation. *Id.*

At the February 25, 2025 oral argument on the parties' objections, Petitioner presented her arguments regarding the application of *Richards* to her case. Docket No. 108 (Hearing Tr.) at 27:16–31:12; *see Richards*, 578 F.Supp.2d at 852–53 ("The conduct of the state trial court in complying with the State's suggestion that the only expansion of the record needed was an affidavit from [counsel], and ordering that a hearing would be granted *by way of affidavit only from [counsel]*, was an absurd pretense that Richards was being given a hearing on his application.") (emphasis in original).

The Court carefully considered the applicability of the facts and holding in *Richards* to the facts here, along with Petitioner's arguments. *See* Docket No. 109 at 44–45. The Court explained that while certain language in *Richards* appeared persuasive, the language failed to:

> fully explain why it was permissible that the district court granted an evidentiary hearing in that case. It was not solely because the expansion of the state habeas record consisted of an affidavit only from trial counsel. The Fifth Circuit explained in its affirmance on appeal that the district court concluded that trial counsel's performance was constitutionally deficient because she failed to present exculpatory evidence, request a lesser-included offense instruction, place into evidence Richards's medical records from the Department of Veterans Affairs, and, more generally, to interview important witnesses before trial, have an organized plan of defense, and conduct Richards's defense in an acceptable manner. *Richards*, 556 F.3d at 561. The district court concluded that, but for trial counsel's deficient performance, there was a reasonable probability that the result of Richards's trial would have been different because (1) the jury might not have convicted Richards of murder, (2) the jury might have convicted Richards of a lesser offense, and (3) the judge might have imposed a lesser sentence. The facts in Richards are not similar to those present here.

*Id*. The Court has already found that the facts here and the facts in *Richards* are not similar.

Using hindsight, Petitioner lists the items that she believes her counsel should have done in preparation for her trial. The Fifth Circuit, however, has held "a conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Nelson v. Davis*, 952 F.3d 651, 665 (5th Cir. 2020) (citing *Richards*, 566 F.3d at 564) (citations omitted)). While Richards was successful in showing that his trial counsel's ill-chosen tactics and strategy permeated his entire criminal trial with obvious unfairness, here Petitioner has failed to show with clear and convincing evidence that her trial was obviously unfair because of her trial counsels' tactics and strategy. *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003) ("A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.").

Within the narrow scope of a Rule 59(e) motion, Petitioner fails to present any new facts or newly discoverable evidence that establish that the Court committed "manifest errors of law or fact" *Waltman*, 875 F.2d at 473. Her objection to the Court's conclusion that the facts in *Richards* are dissimilar to the facts here reflects a disagreement with the Court's findings and conclusions but fails to show that any manifest error in fact or law is present.

B.  <u>The Court's decision to deny an evidentiary hearing</u>

Petitioner urges the Court to reconsider its decision denying an evidentiary hearing on her ineffective assistance of counsel claims. Relying upon the facts and holding in *Richards*, 578 F.Supp.2d at 852–53, she states that the Court's decision not to hold an evidentiary hearing "is erroneous because it conflates the reasoning for two separate successive decisions in the *Richards* case: the district court's decision to grant an evidentiary hearing and its ultimate decision to grant habeas relief." Docket No. 111 at 9.

Petitioner contends that her trial counsel was not fully truthful in his affidavit to the state habeas court regarding his investigation efforts into Ms. Walker's cause of death and Petitioner's psychological and behavioral issues. Docket No. 111 at 12–15, *see* Affidavit of Jeff Haas (Docket No. 36-6 at 82–99). She compares her trial counsel's affidavit to the affidavit by trial counsel in *Richards*. Docket No. 111 at 11. The *Richards* court found that trial counsel's affidavit was conclusory regarding her efforts to discover and present exculpatory evidence, request a lesser-included offense instruction, the failure to place into evidence Richards's medical records from the Department of Veterans Affairs, and the failure to interview important witnesses before trial. *Richards*, 556 F.3d at 561.

Petitioner argues that her trial counsel should have strongly pursued a theory of Sudden Unexplained Death in Epilepsy ("SUDEP") as Ms. Walker's cause of death and sought out experts qualified to testify regarding SUDEP, other than Dr. Bolesta. Docket No. 111 at 11. She further complains that trial counsel did not provide the defense's testifying mental health expert her full medical records, causing the expert to misdiagnose her mental condition. *Id.* at 13–14.

On her belief that her trial counsel's affidavit is conclusory, lacks veracity, and fails to fully explain certain questions regarding his trial strategy and pre-trial investigation, Petitioner contends the Court should hold an evidentiary hearing. Docket No. 111 at 15. Petitioner's challenge to her trial counsel's affidavit is not a new argument or newly discovered evidence. A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman,* 875 F.2d at 473 (internal quotations and cites omitted).

Petitioner's trial counsel signed his affidavit on May 22, 2015. Docket No. 36-6 at 99. Petitioner questioned the veracity of his state habeas affidavits in her "Applicant's Motion to Order

Page **7** of **12**

Live Evidentiary Hearing," filed on June 10, 2015. Docket No. 36-6 at 100–08. The state habeas court, with the knowledge of the evidence and testimony presented in her criminal trial, trial counsels' affidavits, and Petitioner's motion challenging those affidavits, denied Petitioner's motion. Docket No. 36-8 at 169. The court entered Findings of Fact and Conclusions of Law finding that trial counsel did not provide ineffective assistance of counsel in either the guilt/innocence phase or the sentencing phase of her trial. Docket. No. 36-8 at 170–242. As Petitioner's claim has been adjudicated on the merits in state court, it is not error for this Court to deny an evidentiary hearing. *Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 471 (5th Cir. 2023); *Medina v. Lumpkin*, No. 23-70003, 2024 WL 3833291, at *4–5 (5th Cir. Aug. 15, 2024). Through a *de novo* review, this Court has already determined that Petitioner failed

> to present clear and convincing evidence to rebut the state habeas court's factual findings; thus, deferring to those findings, the state habeas court's rejection of the claims was not unreasonable. *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (holding that AEDPA requires courts "to presume correct the state court's findings of fact ... even if the hearing was a 'paper' hearing and may not have been full and fair," unless petitioner rebuts presumption of correctness by clear and convincing evidence) (citation and internal quotation marks omitted). Her claims are generally conclusory and involve strategic and tactical decisions made by counsel, which typically do not entitle a state petitioner to federal habeas relief. *See, e.g., Strickland*, 460 U.S. at 689 (providing strategic decisions by counsel are "virtually unchallengeable" and generally do not provide a basis for post-conviction relief on the grounds of ineffective assistance of counsel); *Green v. Johnson*, 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) (providing "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (providing "[t]his Court has made clear that counsel is not required to make futile motions or objections").

Docket No. 109 at 24. Petitioner's attack on trial counsel's affidavit does not present clear and convincing evidence to rebut the state habeas court's factual findings that he provided effective assistance of counsel.

Moreover, the Court's ability to hold an evidentiary hearing is limited. Specifically, under 28 U.S.C. § 2254(e),

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

    (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §§ 2254(e)(2)(A)–(B). Petitioner's argument fails to meet either prong of 28 U.S.C. § 2254(e)(2)(A) or show that no reasonable fact finder would have convicted her of murdering Cherry Walker as is required under 28 U.S.C. §2254(e)(2)(B).[1] Petitioner has not shown that she is entitled to an evidentiary hearing under §§ 2254(e)(2).

---

[1] Petitioner, a licensed vocational nurse, admitted that she drove away from two hospitals that were "within 60 feet" of the place where she says Ms. Walker allegedly began having a seizure and did not try to turn around after allegedly being blocked from turning into a hospital by traffic. Volume 53 pf the Trial Reporter's Record ("53 RR") at 123, 128, 132 (Docket No. 33-24 at 123, 128, 132). Instead, she drove away from the hospital only to pull into an empty apartment parking lot where she says she ran banging on doors in a vain attempt to find a phone to, presumably, call for an ambulance to take Ms. Walker *back to one of the hospitals that she had just driven away from*. *Id.* at 130, 132 (Docket No. 33-24 at 130, 132). After allegedly discovering that Ms. Walker had died, Petitioner then drove past the hospitals again to take her to a secluded spot to dump her body and set it on fire. After setting Ms. Walker's body on fire, Petitioner then began to systematically dispose of any evidence which could tie her to the death, and she cleaned her car out with the admitted intent to destroy any evidence of the death that might be found in it. *Id.* at 51–52, 130–34, 148, 159–60 (Docket No. 33-24 at 51–52, 130–34, 148, 159–60). Petitioner failed to report Ms. Walker's death and later went to the local police station under the pretense of looking for a lost dog to question people there to see if police had yet discovered Ms. Walker's body. 49 RR at 94, 96 (Docket No. 33-20 at 94, 96); 53 RR at 59 (Docket No. 33-24 at 59). Moreover, one of the manners of Ms. Walker's death alleged by the indictment was asphyxiation by "impeding [the] air flow andfl impeding [the] blood flow" to her brain. Indictment, Volume 1 of Clerk's Record ("1 CR") at 6 (Docket No. 35-2 at 19); 51 RR at 54–55, 89 (Docket No. 33-22 at 54–55,

C. The Court's denial of a COA on the First Claim for Relief

Petitioner urges the Court to reconsider denying her a COA on her first claim. Docket No. 111 at 15–18. In Claim 1, Petitioner asserted she was denied effective assistance of counsel during the guilt/innocence phase of trial. Docket No. 19 at 75–103. She maintains that because the Court was the first to consider Claim 1 as a whole and denied it on the merits, her Rule 59(e) motion is her first instance to assert that a COA is necessary for the review of Claim 1. Docket No. 109 at 28.

A prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has rejected a constitutional claim on the merits, "[t]he [prisoner] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[ ] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner asserts that it is at least debatable among jurists of reason that

(1) trial counsel's wholesale failure to try to corroborate any element of Ms. Cargill's testimony regarding the circumstances of Ms. Walker's death and her responses thereto fell below the minimum standard of constitutional representation, Obj. at 9-15;

(2) Ms. Cargill was prejudiced by trial-counsel's failures, *id*. at 15-17; and

(3) the SHC's conclusions to the contrary were unreasonable, *id*. at 20-30. Ultimately, in a case such as this one, where the medical examiner's autopsy could not explain why or how Ms. Walker died, and where experts in epilepsy have concluded that Ms. Walker most likely died of a seizure, it was not

---

89). Trial testimony was presented that Petitioner, when upset, would choke the person at whom she was upset. 54 RR at 43–46 (Docket No. 33-24 at 43–46); 60 RR at 18–20, 22, 151, 163–65, 169–70, 173, 175, 178 (Docket No. 34-3 at 18–20, 22, 151, 163–65, 169–70, 173, 175, 178); 61 RR at 54, 102, 113, 118, 120 (Docket No. 34-4 at 54, 102, 113, 118, 120). Furthermore, Petitioner's alleged motive to murder Cherry Walker was because her employment of an intellectually disabled babysitter was going to be used against her in a pending custody proceeding and "they [Child Protective Services] would take her child if they f[ound] out [that] [Cherry]'s mentally retarded." 44 RR at 58, 61 (Docket No. 33-15 at 58, 61).

> reasonable for counsel to leave the jury with the impression that Ms. Cargill was the only one claiming that Ms. Walker died of a seizure and that her account was contradicted by medical evidence.

Docket No. 111 at 17.

The Court does not find any reasonable justification to encourage Petitioner to proceed further on her ineffective assistance of counsel claim. *Miller-El*, 537 U.S. at 327 (2003) (holding that in the alternative, a petitioner may show "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). In Claim 1, the underlying issue is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (discussing *Strickland v. Washington*, 466 U.S. 668 (1984)). There is "a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 473 (5th Cir. 2023) (quoting *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689)). Because *Strickland* and Section 2254(d) are highly deferential, the Court's review is "doubly deferential when both apply in tandem." *Id*.

Moreover, the state court made findings of fact and determinations of credibility that trial counsels' performance was not ineffective and did not prejudice Petitioner's case. These determinations are entitled to a rebuttable presumption of correctness under § 2254(e)(1). The presumption applies to all of the state court's factual findings, including its credibility determinations on trial counsels' affidavits.

Here, Petitioner failed to present clear and convincing evidence to rebut the state court's factual findings; thus, deferring to those findings, the state court's rejection of the claims was not unreasonable. *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (holding that AEDPA requires courts "to presume correct the state court's findings of fact . . . even if the hearing was a 'paper'

hearing and may not have been full and fair," unless petitioner rebuts presumption of correctness by clear and convincing evidence) (citation and internal quotation marks omitted). Her claims are generally conclusory and involve strategic and tactical decisions made by counsel, which typically do not entitle a state petitioner to federal habeas relief. *See, e.g., Strickland*, 466 U.S. at 689 (explaining that strategic decisions by counsel are "virtually unchallengeable" and generally do not provide a basis for post-conviction relief on the grounds of ineffective assistance of counsel); *Green v. Johnson*, 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) ( "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ( "This Court has made clear that counsel is not required to make futile motions or objections."). Petitioner fails to show that it is manifest error for this Court to deny a COA on Claim 1.

## IV.     Conclusion

The purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See, e.g., Naquin*, 817 F.3d at 240 n.4; *Winding*, 405 F. App'x at 937. Petitioner's Rule 59(e) motion lacks merit and should be denied. She has also failed to demonstrate that she is entitled to a COA on these issues. Accordingly, it is

**ORDERED** that Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Docket No. 111) is **DENIED**. It is further

**ORDERED** that a COA is **DENIED**. It is

**ORDERED** that all motions and relief not previously ruled upon are **DENIED**.

**So ORDERED and SIGNED this 4th day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE